IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

VERSIAH M TAYLOR,

    Plaintiff,

v.                                                 CASE NO. 4:16-cv-455-WS-GRJ

FLA. DEPT. OF CORRECTIONS,
et al.

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a complaint, ECF No. 1, and has been granted leave to proceed as a pauper. The Court ordered Plaintiff to file an amended complaint because the allegations of the original complaint failed to state a facially plausible claim. ECF No. 21. Plaintiff's First Amended Complaint, ECF No. 23, is now before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2), which provides that the Court shall dismiss the Complaint if it is "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." For the following reasons, the undersigned recommends that the First Amended Complaint be dismissed for failure to state a claim.

Plaintiff is an inmate in the custody of the Bureau of Prisons, and

formerly was in the custody of the Florida Department of Corrections. The Complaint does not, however, concern Plaintiff's conditions of confinement. Rather, Plaintiff alleges that he designed or created certain technologies that have been appropriated for use in the BOP and DOC, including "TruLincs, TruFone, and TruMuzic." Plaintiff sues named and unnamed Defendants for damages in the amount of $2 billion dollars each. The named Defendants are the DOC, the DOC Inspector General, DOC Inspector Castle, and the BOP, Keefe Group, Advance Technology, and Advance Technology Solutions. ECF No. 23.

Specifically, Plaintiff asserts that in 2008 he was confined at Century CI and he "designed an idea that [he] was in the process of a getting a patent for" when the DOC Inspector "seized" Plaintiff's plans. Plaintiff unsuccessfully grieved the seizure through the DOC administrative remedy process. Plaintiff alleges that his idea involved offering services to inmates by providing them with an email account manager known as "Trulincs". He also planned to sell MP3 players and music to inmates with a service called "Trumuzic", and planned to provide phone services through a service called "TruFone". Plaintiff alleges that in 1999 he selected an "attribute name" for himself, "Truknowledge", and that thereafter the name

"Tru" became Plaintiff's "mark". Plaintiff also asserts that he was developing a synthetic THC for inmates to use that he called "Y2K". Plaintiff alleges that beginning in 2008 the DOC Inspector shared or sold Plaintiff's ideas, and Plaintiff discovered the theft when he entered BOP custody in 2014.[1] Plaintiff alleges that the theft amounts to violation of federal intellectual property law, unlawful taking, and violation of Florida common law. Plaintiff seeks $2 billion dollars in compensatory damages. ECF No. 23 at 7-10.

A complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that the language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)). A complaint fails to state a claim when it does not include enough factual matter—taken as true—to " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To avoid dismissal for failure to state a claim, the

---

[1] The Court takes judicial notice that "Trulincs" is an inmate email service utilized within the federal Bureau of Prisons. *See* https://www.bop.gov/inmates/communications.jsp

allegations must show plausibility. *Id*. at 557. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.... [This standard] asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and must be a " 'plain statement' possess [ing] enough heft to 'sho[w] that the pleader is entitled to relief.' " *Twombly*, 550 U.S. at 555, 557 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In determining whether a claim is stated, the factual allegations are accepted as true, except for conclusory assertions or a recitation of a cause of action's elements. *See id.; Mitchell, supra*, 112 F.3d at 1490.

In determining whether a complaint states a claim upon which relief may be granted, the Court takes the plaintiff's allegations as true, *Jones v. Bock*, 549 U.S. 199, 215 (2007), and accords them a liberal construction, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (recognizing that

when considering a *pro se* litigant's allegations, the court holds them to a more lenient standard than those of an attorney). However, the court does not have "license ... to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010) (relying on *Ashcroft v. Iqbal*).

Therefore, leniency notwithstanding, with respect to screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, a *pro se* litigant's allegations must meet the *Twombly* standard for plausibility. *See Hall v. Sec'y, Dep't of Corr.*, 304 Fed.Appx. 848, 849 (11th Cir. Dec. 24, 2008) (unpublished) (applying *Twombly* standard to pro se prisoner complaint screened pursuant to § 1915(e)(2)(B)(ii)).

Further, a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted); *see also Jackson v. Bellsouth Telecomm.*,, 372 F.3d 1250, 1262 (11th Cir. 2004) (explaining that "[c]onclusory allegations, unwarranted deductions of facts or legal

conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which simply "are not entitled to [an] assumption of truth." *See Iqbal*, 556 U.S. at 678, 680–81. Thus, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

In this case, the allegations of the First Amended Complaint wholly fail to establish a facially plausible claim that Plaintiff possessed any protected intellectual property rights in TruLincs, TruMuzic, and TruFone services that were violated by any of the Defendants such that Defendants could be liable to Plaintiff for $2 billion in damages. The Complaint is based on mere conclusory assertions and factually incredible claims. Thus, as pled, the Complaint has little or no chance of success. Accordingly, in accordance with the above pleading standards, the Complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

Accordingly, it is respectfully **RECOMMENDED** that this case be

dismissed for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** this 3rd day of November 2017.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.